**IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| **In re:** ) | |
| ) | |
| **Raymond Edwards Holmes, Jr.,** ) | |
| ) | **Case No. 15-42549-659** |
| **Debtor,** ) | |
| ) | **Chapter 7** |
| ) | |
| ) | |
| **20 Eagles Way Lane, LLC,** ) | **Hearing Date: November 2, 2015** |
| ) | **Hearing Time: 10:00 AM** |
| **Movant,** ) | **Court Room: 7N** |
| ) | |
| **v.** ) | |
| ) | |
| **Raymond Edwards Holmes, Jr.,** ) | |
| ) | |
| **Respondent.** ) | |
| ) | |

## AMENDED MOTION FOR RECONSIDERATION

Comes Now Debtor and respectfully request that this Court reconsider its Order of October 6, 2015 granting relief from the Automatic Stay, ratifying the April 10, 2015 foreclosure sale and allowing the creditor to proceed with available state-law remedies available under the August 14, 2015 State Court Judgment entered in Cause Number 1511-AC03606. When the Court entered its October 6, 2015 Order it committed a manifest error of law when it failed to determine that the April 10, 2015 foreclosure sale and August 14, 2015 state court judgment were void as a matter of law because they violated the Automatic Stay of 11 USC § 362. Debtor moves this court for reconsideration of the October 6, 2015 Order of this Court granting relief from the automatic stay pursuant to Federal Rules of Bankruptcy Procedure Rule 9023 and 9024 and Federal Rules of Civil Procedure Rule 59(e) or in the alternative 60(b) and in support thereof states as follows:

# STATEMENT OF FACTS

1. This Court has jurisdiction over the relief requested pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) (E) and (O).

4. Debtor filed, pro se, for relief under Chapter 13 of the United States Bankruptcy Code on April 7, 2015.

5. Debtor scheduled an interest in real estate located at 20 Eagles Way Lane, St. Charles, MO 63376 with a secured lien in favor of 20 Eagles Way Lane, LLC.

6. Debtor filed for Bankruptcy protection to prevent the 20 Eagles Way Lane, LLC from foreclosing on his home located at 20 Eagles Way Lane, St. Charles, MO 63367.

7. Debtor contacted foreclosure counsel and 20 Eagles Way Lane, LLC, prior to the foreclosure sale, to advise that he had filed a Chapter 13 Bankruptcy Petition

8. Notwithstanding the existence of the Automatic Stay and actual notice by the Debtor, 20 Eagles Way Lane, LLC proceeded to foreclose on Debtor's home on April 10, 2015.

9. Debtor disputes the current amount of the payoff to 20 Eagles Way Lane, LLC and believes that there is equity in the property for distribution to his unsecured creditors after payment of his homestead exemption.

10. On June 30, 2015, 20 Eagles Way Lane, LLC filed an unlawful detainer in St. Charles County as Cause Number 1511-AC03606 seeking money damages and possessions of 20 Eagles Way Lane.

11. On August 14, 2015, 20 Eagles Way Lane, LLC obtained an order for possession and money damages in the amount of $21,000.00

12. Debtor appeared, pro se, at the August 14, 2015 hearing and advised Creditor's counsel that

he had filed a Chapter 13 Bankruptcy.

13. On August 31, 2015, 20 Eagles Way Lane, LLC filed a Motion for Relief from Stay asking this Court to retroactively lift the stay and ratify its April 10, 2015 foreclosure sale.

14. This Court entered an Order on October 6, 2015 ratifying the April 10, 2015 foreclosure sale and lifting the stay.

## ARGUMENT

I. **Relevant Statutory Authority.**

Federal Rule of Bankruptcy Procedure Rule 9023 provides that Rule 59 applies in cases under the Bankruptcy except as provided in Rule 3008. In pertinent part, Rule 59(e) provides as follows:

(e) Motion to Alter or Amend a Judgment. A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

Federal Rules of Bankruptcy Procedure Rule 9024 provides for relief from a judgment or order of the Bankruptcy in accordance with the provisions of Federal Rules of Civil Procedure Rule 60. In pertinent part, Rule 60 (b) provides as follows:

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
    (1) mistake, inadvertence, surprise, or excusable neglect;
    (4) the judgment is void;
    (6) any other reason that justifies relief.

In pertinent part, 11 USC §362 provides as follows:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—
    (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
    (2) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
    (4) any act to create, perfect, or enforce any lien against property of the estate;
    (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
   (4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either—
      (B) multiple bankruptcy filings affecting such real property.

## II.     Legal Standard for a Motion for Reconsideration.

"A motion for reconsideration 'serve[s] the limited function of correcting manifest errors of law or fact or ...' after a final judgment.'" *Bradley Timberland Res. v. Bradley Lumber Co.*, 712 F.3d 401, 407 (8th Cir. 2013) (internal cite omitted). "Rule 59(e) motions [to alter or amend judgment] serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *U.S. v. Metro. St. Louis Sewer Dist.,* 440 F.3d 930, 933 (8th Cir. 2006). "Rule 60(b) motions … [request relief from] a final order on certain enumerated grounds such as excusable neglect, fraud, newly discovered evidence, or 'any other reason that justifies relief.'" *Crest Const. II, Inc. v. On Time Auto*, 07-0728-CV-W-DGK, 2010 WL 4630830 (W.D. Mo. Nov. 4, 2010) *aff'd sub nom. Crest Const. II, Inc. v. Doe*, 660 F.3d 346 (8th Cir. 2011). District courts have wide discretion in granting a motion for reconsideration. *See Hagerman v. Yukon Energy Corp.,* 839 F.2d 407, 414 (8th Cir.1988) (noting a court's broad discretion in granting a Rule 59(e) motion); *Atkinson v. Prudential Prop. Co., Inc.,* 43 F.3d 367, 371 (8th Cir.1994) (noting court's wide discretion in granting a Rule 60(b) motion). It affords a district court the opportunity "to rectify its mistakes in the period immediately following the entry of judgment." *Norman v. Arkansas Dep't of Educ.*, 79 F.3d 748, 750 (8th Cir. 1996) (quoting *White v. New Hampshire Dep't of Employment Sec.,* 455 U.S. 445, 450 (1982)).

## III.    Actions in Violation of the Automatic Stay are Void.

The automatic stay is just that automatic and is applicable to all the creditors of the Debtor whether the specific creditor was aware of the bankruptcy filing. There is no condition

precedent in the Code or requirement that the Debtor take some action other than filing bankruptcy to avail himself of the automatic stay. The Bankruptcy Appellate Panel for the Eighth Circuit has specifically rejected the argument that actions taken in violation of the automatic stay are voidable rather than void. *In re Vierkant*, 240 B.R. 317, 324 (B.A.P. 8th Cir., 1999). The Bankruptcy Appellate Panel further determined "action taken in violation of the automatic stay is void ab initio." *Id* at 325.

A majority of the other Circuits have also determined that actions taken in violation of the automatic stay are void rather than voidable. A sale in violation of the automatic stay is void even if the case is later dismissed for bad faith. *40235 Washington St. Corp. v. Lusardi,* 329 F.3d 1076, 1080 (9th Cir.2003), cert. denied, 540 U.S. 983, 124 S.Ct. 469, 157 L.Ed.2d 374 (2003). "Acts in violation of the automatic stay imposed by § 362(a) are void *ab initio*." *In re Garcia*, 109 B.R. 335, 340 (N.D. Ill., 1989).

**IV. Annulment of the Automatic Stay should only be granted for cause.**

The Bankruptcy Appellate Panel for the Eighth Circuit determined that serial bankruptcy filings constituted an attempt to hinder and delay making an annulment of the stay was proper. *Behrens v. U.S. Bank Nat'l Ass'n (In re Behrens)*, 501 B.R. 351 (B.A.P. 8th Cir., 2013). "In deciding whether 'cause' exists to annul the stay, a bankruptcy court should examine the circumstances of the specific case and balance the equities of the parties' respective positions." *Cruz v. Stein Strauss Trust, PDQ Invs., LLC (In re Cruz),* 516 B.R. 594 (B.A.P. 6th Cir., 2014). Balancing the equities involves determining whether the creditor new of the existence of the stay and whether debtor engaged in unreasonable or inequitable conduct." *Id.* The creditor must be unaware of the automatic stay and the debtor must have acted in bad faith with the intent to hinder and delay the creditor. It is not an either or proposition, but both conditions must be

present to annul the automatic stay. "Any equitable exception to the stay must be applied sparingly." *Easley v. Pettibone Michigan Corp.,* 990 F.2d 905, 911 (C.A.6 (Mich.), 1993)."

## CONCLUSION

In determining whether an annulment of the automatic stay is proper under the under 11 USC § 362 (d) there must be a finding that the Debtor acted in bad faith with the intent to hinder or delay a creditor. In this instant case there has been no such finding by this Court nor is there any indication that the Debtor acted in bad faith with the intent to hinder or delay 20 Eagles Way Lane, LLC from foreclosing. The Debtor is not a serial filer and he did not wait till the eve of foreclosure to file his case. Debtor insists that he notified the lender and his counsel of the filing of his case. All foreclosure counsel had to do to avoid violating the automatic stay was to run a PACER to see if the Debtor had filed a Bankruptcy. Additionally, at the trial on the unlawful Debtor announced to the State Court that he was in a Bankruptcy. Despite the declaration by Debtor that he had filed a bankruptcy, Creditor's counsel proceeded with the trial on the unlawful detainer and obtained a judgement for possession and money damages in violation of the automatic stay.

Under the circumstances it is clear, that the Debtor's conduct does not give rise to the conduct that would allow the Court to annul the automatic stay. Debtor's only transgression in this case, if it can be called a transgression, is he filed his Chapter 13 pro se. The risk of harm to the Debtor if this Court does not reconsider and set aside its October 16, 2015 Order is great. Debtor took all reasonable measures to avoid the foreclosure of his home. It is clear that the creditor did not take all reasonable measures to avoid violating the automatic stay. 20 Eagles Way Lane, LLC foreclosure violated the automatic stay and is void. This Court should reconsider and set aside its previous order annulling the automatic stay and declare that the April

10, 2015 sale of Debtor's real property and the August 14, 2015 State Court Order for possession and money damages are void and without effect.

RESPECTFULLY SUBMITTED,

/s/Angela Redden-Jansen
Angela Redden-Jansen, MBE #42684
Attorney for Debtors
3350 Greenwood Blvd.
Maplewood, MO 63143
314.645.5900
314.645.5990 fax

**CERTIFICATE OF SERVICE**

The undersign hereby certifies that on this 1st day of November, 2015 a copy of the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the Chapter 13 Trustee, US Trustee, Bonnie Stroup, attorney for 20 Eagles Way Lane, LLC and any other party requesting electronic services and/or by first class mail postage prepaid.

/s/ Angela Redden-Jansen